**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

| | |
|---|---|
| HAMID SULAIMAN MANNEH,<br>Appellant, | DOCKET NUMBER<br>DC-315H-15-0204-I-1 |
| v. | |
| DEPARTMENT OF JUSTICE,<br>Agency. | DATE: August 20, 2015 |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>David A. Branch</u>, Esquire, Washington, D.C., for the appellant.

<u>Andrew Bernie</u>, Esquire, Washington, D.C., for the agency.

**BEFORE**

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

**FINAL ORDER**

¶1　　The appellant has filed a petition for review of the initial decision, which dismissed for lack of jurisdiction his appeal of his termination during his probationary period. Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

erroneous application of the law to the facts of the case; the judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, and based on the following points and authorities, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

¶2      The appellant served in a series of term appointments, the last of which ended on March 13, 2014. Initial Appeal File (IAF), Tab 6 at 11-21, 30. Effective April 20, 2014, he was appointed to a GS-11 paralegal position in the competitive service subject to the completion of a 1-year probationary period. IAF, Tab 6 at 28. Effective December 12, 2014, the agency terminated his employment prior to the completion of the probationary period for alleged post-appointment reasons. IAF, Tab 1 at 9-10. The appellant filed a Board appeal and contended that his prior service counted towards the completion of his probationary period because he had no break in service. IAF, Tab 6. The administrative judge considered and rejected the appellant's argument and dismissed the appeal for lack of jurisdiction in an initial decision issued on the written record. IAF, Tab 11, Initial Decision (ID) at 1, 5.

¶3      An employee who is terminated during what appears to be his probationary period for post-appointment reasons may establish Board jurisdiction over his appeal in two ways. First, he can show that he is an "employee" under 5 U.S.C. § 7511(a)(1) with chapter 75 appeal rights. To establish Board jurisdiction under 5 U.S.C. chapter 75, an individual must, among other things, show that he

satisfies one of the definitions of "employee" in 5 U.S.C. § 7511(a)(1). *See Walker v. Department of the Army*, 119 M.S.P.R. 391, ¶ 5 (2013). For an individual in the competitive service, this means that he must either: (1) not be serving a probationary or trial period under an initial appointment, or (2) have completed 1 year of current continuous service under other than a temporary appointment limited to 1 year or less. 5 U.S.C. § 7511(a)(1)(A); *Walker*, 119 M.S.P.R. 391, ¶ 5.

¶4      If the individual were serving in a probationary period at the time of his termination, he can still establish jurisdiction by showing that, although he served in the position from which he was terminated for less than 1 year, he has prior service that counts towards the completion of his probationary period, and thus was not a probationer after all but an "employee" under 5 U.S.C. § 7511(a)(1)(A)(i). Prior service in competitive service positions can be credited towards completion of a later probationary period in a competitive service position if the employee shows that: (1) the prior service was performed in the same agency; (2) it was performed in the same line of work; and (3) it was completed with no more than one break in service of less than 30 days. *McCrary v. Department of the Army*, 103 M.S.P.R. 266, ¶ 10 (2006). Second, an employee has a regulatory right under 5 C.F.R. § 315.806 to appeal a probationary termination for post-appointment reasons if he shows that the termination was based on marital status discrimination or partisan political reasons. *Walker*, 119 M.S.P.R. 391, ¶ 5.

¶5      Here, the appellant was clearly serving in a probationary period at the time of his termination. The break in service prior to his appointment to the position from which he was terminated was longer than 30 days, so his prior service does not count towards the completion of his probationary period and he is not an "employee" under 5 U.S.C. § 7511(a)(1)(A)(i). *See Hurston v. Department of the Army*, 113 M.S.P.R. 34, ¶ 10 (2010).

¶6 He asserts, however, that he is an employee under 5 U.S.C. § 7511(a)(1)(A)(ii) because he has 1 year of current continuous service under other than a temporary appointment limited to 1 year or less. IAF, Tab 6 at 6-8. The term "current continuous service" means a period of employment, either in the competitive or excepted service, that immediately precedes an adverse action without a break in Federal civilian employment of a workday. *Maibaum v. Department of Veterans Affairs*, 116 M.S.P.R. 234, ¶ 14 (2011). The record shows that the appellant had a break in service from March 13, 2014, to April 20, 2014, significantly more than 1 work day. Therefore, he is not an "employee" under 5 U.S.C. § 7511(a)(1)(A)(ii). Moreover, the appellant does not claim marital status discrimination or partisan political animus, so the Board does not have jurisdiction over this appeal under 5 C.F.R. § 315.806.

¶7 The appellant's principal argument on appeal and on review is that he had *no* break in service because he was offered and accepted the new position while still employed in his former position. A significant degree of formality is required to effectuate a Federal appointment. *See Brock v. Department of the Navy*, 49 M.S.P.R. 564, 566-67 (1991). One of the two essential prerequisites of an appointment is an authorized appointing official who takes an action that reveals that she is making an appointment in the United States civil service. *Id.* at 567. The appellant submits a copy of an email in which an agency manager acknowledges his acceptance of the employment offer and informed him that "someone from the DOJ Human Resources (HR) office will be in contact with you soon to give you instructions on moving forward with completing the required paperwork to get you on board." IAF, Tab 6 at 24. In other words, the appellant's appointment was not completed by an offer and the acceptance of that offer, but required additional formalities before the appointment became effective. Moreover, the appellant acknowledges that his selection was not approved until April 12, 2014, *see* IAF, Tab 6 at 5; Petition for Review (PFR) File, Tab 1 at 8, *after* he had been separated from his former position.

¶8        On review, the appellant argues that his break in service was the agency's fault because it wrongly required him to undergo a suitability screening. PFR File, Tab 1 at 10-11. Even assuming the truth of this statement, it provides further corroboration that the appellant's selection was not final until certain formalities were accomplished. Moreover, his argument goes towards the length of his break in service and does not support his claim that he had no break in service.

¶9        Finally, the appellant submits numerous documents with his petition for review, but none are new or material because they are all contained in the record below. Evidence that is already a part of the record is not new. *Meier v. Department of the Interior*, 3 M.S.P.R. 247, 256 (1980).

¶10        Accordingly, we find that the administrative judge correctly dismissed the appellant's appeal for lack of jurisdiction.

### NOTICE TO THE APPELLANT REGARDING YOUR FURTHER REVIEW RIGHTS[2]

You have the right to request review of this final decision by the United States Court of Appeals for the Federal Circuit. You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. The court has held that normally it does not have the authority to waive this statutory deadline

---

[2] The administrative judge afforded the appellant mixed-case review rights. ID at 9-10. However, in the absence of Board jurisdiction, this is not a mixed case. We have provided the appellant the proper review rights here. *See, e.g.*, *Axsom v. Department of Veterans Affairs*, 110 M.S.P.R. 605 (2009).

and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the Federal law that gives you this right. It is found in Title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012). You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for an appeal to the United States Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

FOR THE BOARD:               _____
                                         William D. Spencer
                                         Clerk of the Board

Washington, D.C.